WILLIAM CATON *vs.* ROBERT CARTER.—*June,* 1838.

The orphans courts have no jurisdiction to decide upon controversies between master and apprentice.

The particular order in which a party chooses to establish the facts of his case, is a matter for his exclusive consideration.

APPEAL from the *Orphans* court of *Anne Arundel* county.

THIS was a petition for freedom, filed on the 12th December, 1837, by the appellee, claiming to be born free, and alleging he was held as a slave by the appellant. The defendant below, *Caton,* claimed the petitioner as his apprentice, for a period not yet expired, and denied the jurisdiction of the court.

The petitioner, at the trial before the orphans court, offered proof that he was the son of a free woman ; that he was lawfully bound to Mrs. Anne Kearney by indenture of the 2d September, 1834, approved by the justices, and recorded in the records of Anne Arundel county court, that his name was Robert Carter, and that upon the death of his said mistress, whom he served several years, her representatives abandoned all claim to him. That the mother of the appellee is dead, and her and his next of kin were now in court, soliciting that he should be bound again.

It was admitted by counsel, that one *Marcellus Carter* was duly bound as an apprentice to *John Stalker* by the name of *Marcellus Kean,* by indenture produced in court, bearing date

25th July, 1833; and that on the 17th July, 1834, one *Marcellus Carter* was bound as an apprentice to *William Caton.*

The defendant, *Caton,* then offered to prove that the petitioner was the identical boy bound by the indenture of 17th July, 1834, to him, by the name of *Marcellus Carter,* and that the said boy had been for several years in the custody of the defendant under said indenture, and asked the court to reduce the testimony of the witnesses to writing, but the court, on objection made by the petitioner thereto, were of opinion that such evidence was not admissible, and refused to reduce the testimony to writing.

The orphans court therefore decided, that since the death of *Mrs. Kearney,* and the non-claim of her representatives to the petitioner, he was fully under the power and control of the court, as an orphan free boy without mistress or protector; and accordingly, ordered him, with the consent of his nearest relation, to be bound to one *S. E. Duvall.* Whereupon, the said *William Caton* appealed to this court.

The cause was argued before BUCHANAN, Ch. J., ARCHER, DORSEY, and CHAMBERS, Judges.

By S. PINKNEY and A. C. MAGRUDER, for the appellant, And ALEXANDER, for the appellee.

CHAMBERS, Judge, delivered the opinion of the court.

The orphans court could have no jurisdiction in this case, if the appellee was the apprentice of the appellant.

It was therefore proper to receive testimony upon this preliminary question.

To establish the fact of such apprenticeship, it was necessary to prove that the appellee had borne the name by which it was alleged he was apprenticed—that indentures had been regularly executed by competent parties, and that they had been regularly approved and recorded. The particular order in which the appellant chose to establish these facts was a

matter for his exclusive consideration—the record shews that he commenced by offering testimony of the identity of the appellee, and we think that the orphans court was wrong in arresting the examination.

JUDGMENT REVERSED AND CASE REMANDED.